# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BUTTA RODRIGUEZ JUNIEIRRIO LEXXINGTON,

    Plaintiff,

v.

NEVADA U.S. DISTRICT 137 OF MUNICIPAL TOWNSHIP LAS VEGAS, et al.,

    Defendants.

Case No. 2:15-cv-00379-LDG (VCF)

**ORDER**

    The Court has received five pages of documents in an envelope indicating that the sender is Butta Lexxington. Two of the pages are identical copies of a "Grievance - Concerns Form" for Southern Nevada Mental Health Services. The Court cannot discern the intended meaning of the language describing the grievance on this form. Two of the pages appear to be a handwritten caption for a document to be filed in a judicial proceeding followed by handwritten text. The final page appears to be a photocopy of two pages, both of which have a handwritten caption at the top followed by handwritten text.

    As the documents do not concern any pending litigation, they have been received by the Clerk of the Court and assigned a case number for determination whether the documents are sufficient to initiate a judicial proceeding.

The documents were not accompanied by either filing fees or an application to proceed *in forma pauperis*. For this reason alone, the documents are insufficient to initiate a judicial proceeding. Accordingly, this matter must be administratively closed.

However, even assuming that the sender had submitted a sufficient application to proceed *in forma pauperis*, the Court would be required to dismiss the complaint with prejudice. Upon granting a request to proceed *in forma pauperis*, a court additionally screens a complaint pursuant to 28 U.S.C. §1915(e). Federal courts have authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

When a court dismisses a complaint under §1915(e), a plaintiff is generally given leave to amend, with instructions as to curing the complaint's deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Though not apparent from the face of the documents, the Court assumes the documents were intended as a complaint, but must conclude that as such it fails to state a claim upon which relief may be granted. The Court cannot discern or attach any coherent meaning to the language used in the documents. Further, the Court finds that the deficiencies of the documents cannot be cured by amendment to constitute a complaint stating a claim upon which relief may be granted. Accordingly, for good cause shown,

THE COURT **ORDERS** that the Clerk of the Court administratively close this matter.

DATED this 28 day of February, 2018.

Lloyd D. George
United States District Judge

2